UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JULIA COSTA,

                               Plaintiff,   Docket #:

                                           **08 CV 00100**

       -against-   **COMPLAINT**

                                           Plaintiff Demands
JENNIFER ROBBINS AND JASON ROBBINS,   Trial by Jury

                               Defendants.
-----------------------------------------------------------------X

Plaintiff, JULIA COSTA, by her attorneys, ROBINSON & YABLON, P.C., complaining of the defendants, sets forth the following:

## BASIS OF JURISDICTION

1. This is an action pursuant to New York law for catastrophic personal injuries sustained within this District. Jurisdiction of the Court is predicated upon diversity of citizenship pursuant to 28 U.S.C. §1332 (a) (2) because the dispute involves the plaintiff, a citizen of a foreign state, to wit: Brazil, and defendants, both New York State citizens, and because the amount in controversy is greater than $100,000.00.

## IDENTITY OF PARTIES

2. At all times hereinafter mentioned, Plaintiff, JULIA COSTA was a citizen of a foreign state, to wit: Brazil.

3. At all times hereinafter mentioned, Defendants, JENNIFER ROBBINS AND JASON ROBBINS (hereinafter referred to as the "ROBBINS" defendants) were citizens of the state of New York.

## FACTS

4. At all times hereinafter mentioned, defendants ROBBINS were the owners of residential premises located at 722 Bedford Road, a/k/a "Bedford-Banksville Road," located in the County of Westchester, and town of Armonk (hereinafter the "subject premises").

5. At all times hereinafter mentioned, defendants ROBBINS maintained the subject premises.

6. At all times hereinafter mentioned, defendants ROBBINS controlled the subject premises.

7. At all times hereinafter mentioned and for some time prior thereto it was the duty of defendants ROBBINS, to use proper and reasonable care in the ownership, maintenance, construction, control, care and upkeep of the subject premises and more specifically the interior stairwell separating the different floors or levels located thereat and to make any and all necessary repairs, changes, removals and modifications to the stairwell necessary to keep same in reasonably safe condition for persons lawfully at the premises and/or using the subject stairwell, and in particular the plaintiff.

8. On and before December 8, 2007, and at all times hereinafter mentioned, defendants ROBBINS had a duty to maintain the subject premises in reasonably safe condition.

9. On and before December 8, 2007, defendants ROBBINS knew or should have known of defective and dangerous conditions along the interior stairwell which created an unreasonably unsafe means of access to different levels of the subject premises.

10. On and before December 8, 2007, defendants ROBBINS knew or should have known that the interior stairwell in the subject premises was not properly arranged and/or constructed to provide safe ascent and descent within the subject premises.

11. On and before December 8, 2007, defendants ROBBINS negligently failed to equip, install, construct and maintain a proper handrail or railing parallel to the stair slope on the open side of the stairwell as required by New York state law and accepted standards in the residential construction industry.

12. On December 8, 2007, while plaintiff, JULIA COSTA was lawfully at the premises she was caused to trip and fall along the interior stairwell separating the first and second floors due to the negligence, carelessness and statutory violations of defendants ROBBINS, in their ownership, maintenance, construction control, care and upkeep of the subject premises.

13. On and before December 8, 2007 the interior stairwell at the subject premises was constructed and/or maintained by the defendants ROBBINS in violation of New York state law by defendants ROBBINS, their servants, agents and/or employees.

14. The injuries sustained by plaintiff, JULIA COSTA, were caused by the negligence, carelessness and statutory violations of defendants, ROBBINS, in their ownership, maintenance, control, construction, care and upkeep of the interior stairwell located upon the subject premises without any negligence on plaintiff's part, contributing thereto.

15. As a result of the negligence, carelessness and statutory violations of defendants, ROBBINS, plaintiff, JULIA COSTA was rendered sick, sore, lame, disabled, and so remains; she suffered brain damage which required invasive neurosurgery with the insertion and placement of titanium plates and screws; sustained severe and permanent injuries in and to her head, body, limbs, and nervous system; suffered, still suffers and upon information and belief will continue to suffer, severe mental and physical pain; was compelled to, did, and will continue to undergo medical treatment and attention for the remainder of her life.

16. This cause of action is governed by New York law and falls within one or more of the exceptions set forth in CPLR Section 1602.

17. That by reason of the foregoing occurrence, the Plaintiff, JULIA COSTA has been damaged in the amount of FIVE MILLION DOLLARS ($5,000,000.00)

## SECOND CAUSE OF ACTION

18. Plaintiff repeats and re-alleges every allegation contained above in paragraphs "1" through "17" inclusive with the same force and effect as if herein set forth at length.

19. As a result of defendants ROBBINS negligence, carelessness and statutory violations plaintiff, JULIA COSTA has incurred and will continue to incur expenses and financial hardship.

20. As a result of defendants ROBBINS negligence, carelessness and statutory violations plaintiff, JULIA COSTA was caused to incur medical expenses and other expenses for which defendants ROBBINS are legally responsible.

21. That by reason of the foregoing, plaintiff JULIA COSTA has been damaged in the sum of Five Million Dollars ($5,000,000.00).

WHEREFORE, Plaintiff, JULIA COSTA demands judgment against the Defendants, ROBBINS in the sum of:

(i) $5,000,000.00 (FIVE MILLION DOLLARS) on the FIRST CAUSE OF ACTION;

(ii) $5,000,000.00 (FIVE MILLION DOLLARS) on the SECOND CAUSE OF ACTION;

along with such other and further relief as may be granted by the Court, including but not limited to the costs and disbursements of this action.

Dated: New York, New York
       January 7, 2008

ROBINSON & YABLON, P.C.
Attorneys for Plaintiffs

By: Andrew M. Laskin, Esq. (AL-9379)
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566

## CERTIFICATION

Andrew M. Laskin, Esq. being duly sworn says:

I am an attorney admitted to practice law before the courts of the State of New York and the United States District Court for the Southern District of New York. I am a member of the firm ROBINSON & YABLON, P.C., the attorneys of record for JULIA COSTA, plaintiff in the within action. I have read the contents of the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to those matters said to be upon information and belief and as to those matters, I believe them to be true. My belief as to all matters not stated upon my knowledge are as follows: file maintained by ROBINSON & YABLON, P.C., and information supplied by the client. This verification is made by me because plaintiff resides in a county other than the county in which my office is located.

                                                              Andrew M. Laskin, Esq. (AL-9379)

Affirmed: January 7, 2008