```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JULIA COSTA,                                              PLAINTIFFS RULE 26(a)
                                                          DISCLOSURE
                        Plaintiff,

        -against-                                         08 Civ. 0100(WCC)


JENNIFER ROBBINS and JASON ROBBINS ,
                        Defendants
------------------------------------------------------------------X
```

In accordance with Rule 26 (a) of the Federal Rules of Civil Procedure, the plaintiff, JULIA COSTA, as for her pre-discovery disclosure, states as follows:

**(1)(A) The name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

<u>Response:</u>

  **Plaintiff (liability & damages)**
  **Defendants (liability & damages)**

  **Bruna Costa (liability & damages)**
  **8 Weaver Street**
  **Greenwich, CT  06831**

  **North Castle Police Department**
  **15 Bedford Road**
  **Armonk, New York 10504**
  **(914) 273-9500**
  **Patrol Officer # 42**
  **Sergeant #129**

  **David Aspirino, MD**
  **Westchester Medical Center**
  **Valhalla, New York  10595**

      CVS Pharmacy
      182 South Ridge Street
      Rye Brook, New York 10573

      Raj Murali, M.D.
      Westchester Medical Center
      Valhalla, New York 10595

(B) A copy, set of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:
**Attached hereto**

Response:

Annexed hereto are copies of the following:

1. Records of Westchester Medical Center for the period 12/8/07 through 12/13/07 Including Operative Records for emergency right Craniotomy and Evacuation of Epidural Hematoma

2. Records of CVS Pharmacy


(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

Response:

**Plaintiff is in the still in the process of receiving records upon which a proper**

**disclosure shall be based.**

(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment: All applicable insurance policy information, including primary and excess coverage, is in the exclusive control of the defendants.

<u>Response</u>: Not Applicable

(2) A party shall disclose to the other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence:

<u>Response:</u>  Plaintiff reserves the right to rely upon the expert testimony of her treating physicians.

Dated: New York, New York
       March 11, 2008

Yours, etc.,

_____
Andrew M. Laskin (AL9379)
**ROBINSON & YABLON, P.C.**
Attorneys for Plaintiff
232 Madison Avenue, Suite 1200
New York, New York 10016
(212) 725-8566

3